# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIGUEL GARCIA-XCLHUA,<br><br>　　　　Defendant. | No. 07-CR-1015-LRR<br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.     INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.    RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.   FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.    LEGAL STANDARD* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*V.     DEFENDANT'S ARGUMENTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*VI.    ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*VII.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

## I. INTRODUCTION

The matter before the court is Defendant's Motion for Legal Ruling on Count 2 of the Indictment ("Motion") (docket no. 11), filed August 28, 2007.

## II. RELEVANT PROCEDURAL HISTORY

On July 26, 2007, a grand jury returned a two-count Indictment against Defendant. Count 1 charges Defendant did knowingly possess a counterfeit social security card in violation of 18 U.S.C. § 1546(a). Count 2 charges Defendant did knowingly possess and use without authority a means of identification of another person, specifically a social security number, in violation of 18 U.S.C. § 1028A(a)(1). The crime charged in Count 2 (18 U.S.C. 1028A(a)(1)) is commonly referred to as "aggravated identity theft."

Defendant was arraigned, and a jury trial was set for October 1, 2007 (docket no. 5). Defendant gave notice of his intent to plead guilty to Count 1 of the Indictment (docket no. 13).

The Motion was filed August 28, 2007 (docket no. 11), and was resisted September 4, 2007 (docket no. 12). In the Motion, Defendant urges the court to rule on the elements of the offense of aggravated identity theft. The United States resists the court ruling on the merits of the motion and counters that the Defendant misapprehends the *mens rea* element of the crime charged in Count 2 of the Indictment, aggravated identity theft.

The court finds the matter fully submitted and ready for decision.

## III. FACTUAL BACKGROUND

The parties have not entered into a stipulation establishing the facts in the case. The court's knowledge of the facts and circumstances giving rise to the charges is limited to those in the Indictment.

## IV. LEGAL STANDARD

The Defendant attempts to obtain a legal ruling on the *mens rea* of one guilty of the offense of aggravated identity theft (Count 2) via a motion to dismiss. The court finds that

2

a motion under Federal Rule of Criminal Procedure 12(b) is an appropriate procedural vehicle to raise the issue of the *mens rea* required for conviction of aggravated identity theft. *See* Fed. R. Crim. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without trial of the general issue"). However, the court can find no case law endorsing the use of the rule in this specific context. The court agrees with the parties that the issue raised is purely legal and is one easily decided in an evidentiary vacuum. Therefore, the court will decide the issue posed making use of its authority under Rule 12(b)(2).

### V. DEFENDANT'S ARGUMENT

Defendant, relying on *United States v. Beachem,* 399 F. Supp. 2d 1156 (W.D. Wash. 2005), argues that in order to be guilty of aggravated identity theft as charged in Count 2, he must have known the alien registration number he used was assigned to some other person.

The United States counters that the elements of the crime of aggravated identity theft are as set forth in *United States v. Hines*, 472 F.3d 1038, 1039-40 (8th Cir. 2007), *petition for cert. filed* No. 07-5148 (Apr. 5, 2007). To be guilty of the offense, the Defendant only had to knowingly use the means of identification and did not have to know that the document he fraudulently used was assigned to another person.

### VI. ANALYSIS

In *Hines*, the Eighth Circuit Court of Appeals addressed the elements of the crime of aggravated identity theft in the context of a sufficiency of the evidence argument. 472 F.3d at 1039. Apparently there was no question that Defendant knew the identification he used belonged to another person because his defense was that he had permission of that other person to use his name and social security number. Without being asked to address the question raised in this case, the *Hines* court stated that in order to sustain a conviction for aggravated identity theft, the government must prove the defendant "(1) knowingly

3

used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to a violation of [one of the enumerated crimes]." *Id.* In reference to the "knowingly" requirement, the Eighth Circuit Court of Appeals in *Hines* cited *United States v. Crounsset*, 403 F. Supp. 2d 475, 483 (E.D. Va. 2005) in which the "knowingly" requirement was satisfied by proof that defendant knew the identification he was using was fraudulent. *Id.* at 1040. The court's recitation of the elements of aggravated identity theft in *Hines* is a strong indication that were the precise issue raised here to come before the Eighth Circuit Court of Appeals, that Court would likely reject the holding in *Beachem*, that in order to be guilty of aggravated identity theft, the accused has to know that the fraudulent identification used belonged to an actual person.

      This court is also persuaded that other courts which have considered the issue have correctly decided it. As discussed in the government's brief, other courts that have addressed the precise issue raised by Defendant have rejected *Beachem* and held that defendant need not know that the means of identification was actually assigned to another person in order to be guilty of aggravated identify theft. *See e.g. United States v. Montejo*, 442 F.3d 213, 217 (4th Cir.), *cert. denied* 127 S.Ct. 366 (2006)(based on the plain reading of the statute and the legislative history the court concluded that to be convicted of the crime of aggravated identity theft, the accused need not know that the means of identification he fraudulently possessed actually belonged to another person); *United States v. Godin*, 489 F. Supp. 2d 118, 120 (D.Me. 2006) ("The government must prove that [defendant] knew that she did not have lawful authority to use the means of identification in question. The government is not required to prove that [defendant] knew the means of identification actually belonged to another person."); *United States v. Contreras-Macedas*, 437 F. Supp. 2d 69, 78 (D.D.C. 2006) ("Defendants did not have to *know* that the fraudulent identity documents belonged to a real person." (Emphasis in original.)); *United States v. Crounsset*, 403 F. Supp. 2d at 483 ("[T]o sustain a conviction

4

under § 1028A, the government was required to prove simply that the defendant knew that the passport he presented to airport officials on July 11, 2005 was fraudulent.")

Therefore, the court finds that to prove the crime of aggravated identity theft, a violation of 18 U.S.C. § 1028A(a)(1), the government must prove beyond a reasonable doubt that Defendant (1) knowingly used (2) the "means of identification" of another person (3) without lawful authority (4) during and in relation to the offense charged in Count 1 of the Indictment.

### *VII. CONCLUSION*

**IT IS SO ORDERED:**

The court **GRANTS** Defendant Miguel Garcia-Xclhua's Motion (docket no. 11).

**DATED** this 13th day of September, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA